And may it please the court, I respectfully request five minutes to reserve for a rebuttal, please. I'll try to keep track and you try to keep track. Sounds good. I'm here today to request that the court vacate the injunction issued by the district court for three reasons. First is that the portion of the new injunction where the district court empowered an expert witness in the case to adjudicate disputes and make final decisions between the parties about whether prison employees violated the ADA and should be subjected to personnel action is outside of its subject matter jurisdiction because as an article three judge it doesn't have the authority to delegate its final decision-making power to a witness in the case. I know that the plaintiff argues that the word final in this context is a term of art and likens it to, for example, a final decision by a magistrate. Well, suppose it were, suppose the injunction were changed so that it were, would that matter to your objection? If the witness was not making final decisions, it would not obviously violate article three. If, for example, the order had said, which is not the order we have here today, please, you know, please confer with the expert witness and discuss the matter or the expert witness could then make recommendations to everyone. That would not be a situation that we have here where the effect of the order... And would you continue, would there be other problems with it or would you say that's fine? I understand you don't want the whole injunction, but within the injunction... I understand your question. Within the injunction, in terms of the witness, there's other aspects of the injunction... Yes, I understand. I'm asking about the witness. Is your objection to the finality and nothing else? That the finality that the witness would be making as to all the decisions the witness is empowered in the injunction to make, certainly as to findings of whether an employee violated the ADA or not, subject to personnel action. Also, in terms of the finality of the witness's decisions regarding the provisions in the injunction where the district court allows that plaintiffs could obtain confidential documents, interview witnesses, including the person accused of the allegation. Unlike prior decision orders by the district court, which allowed for some a situation where we had the district court judge, who if we had a dispute over discovery, what was proper, the scope, we could go and seek judicial review. Under the terms of the order as written now, that's precluded. Did you ever raise this objection with the judge? Don't you think it could have been fairly simply straightened out? The position you took before the district judge was you don't want anything. But if you had said to her, there's a finality problem here, don't you think she would have done something about it? Well, the district court outlined, as the plaintiffs pointed out... She didn't outline this. She was very vague about this, and she wasn't specific at all originally. Well, we didn't have notice that the district court was going to give the witness final decision-making power. It's hard to respond to something that is not articulated. By the way, has this expert witness been appointed? Well, the expert witness that the court's referring to is a Mr. Edward Swanson, who was appointed in 2007. So he was already a court-appointed expert? He was a court-appointed expert for other matters listed in that order, which is in the record before you. And then did to whom I'm going to give these, I'll just call them additional powers? Yes. Both in the hearing and in the order, she is referring to Mr. Swanson by name. His name was Edward what? Edward Swanson. Now, is he a lawyer? Yes. By training, I mean? Well, he is a... I mean, he's not a psychiatrist or some other type of expert? Or an economist? I know he is a practicing attorney. If he has any other talents, he has not revealed. All right. Now, has he made any decisions? No, he has not. Not so far. So nothing's been referred to him yet in his capacity as a 706 expert. Is that right? Not regarding the powers given to him in this order. So you don't know how, you know, once you get into it, how it's actually going to work. In other words, say, as you say, it seems like his decision is final. Say there's some dispute, right, between the claims about some aspect of the injunction, and there's some dispute, and he'll make a decision. You think at that point, you could file a motion with the court, you know, objecting to that or contesting that? Or you think that's foreclosed? Well, there's... the literal terms of the order appear to foreclose. It'll be final as to the provisions in any kind of civil procedure. That's what I mean. I'm trying to understand, you know, what final means in this context. Final appears to mean final. When a magistrate makes a final decision, we know because of Rule 72... And when a district court enters a final judgment, there's an appeal. Exactly. Right. But it's still called a final judgment. Right. But because we have that context of other authority that says that, for example, a final judgment can be appealed to this court. We don't have that context here. All we have is the district court saying the expert's making administrative decisions, that's the term the district court used, and that they will be final as to the parties. Isn't this, though, largely a tempest in a teapot? I mean, if we agree with you, we write an opinion that says, you know, either we interpret it to mean that there is an appeal or that there should be a minor fix to the it was probably intended, and if it wasn't intended, it could be fixed easily. So beyond that, what's wrong here? Beyond that, what's wrong is that there is insufficient evidence in the record to support the new terms in the injunction, both the terms and the scope of the injunction. And what we have there is a situation where first the district court based its decision to add terms in terms of plaintiffs getting involved in the process and the expert getting involved in this process, in part because it found its finding, which is flawed, that the defendants were not contemporaneously investigating allegations of ADA violations. But there is no record, no evidence in the record to support that. What the evidence before the district court was was simply what the defendants put in in the context of defending against a was ambiguous. Right. And her main concern was that the logging system was supposed to have a certain role, and it wasn't happening. And she agreed that the language was not as clear as it should have been, and therefore she fixed it. As for what should be logged, but the court went beyond that to also say that it was giving the defendants the ability to participate in this process and the expert witness his authority in their order. But didn't it all have to do with the logging? It wasn't about the quality of the decision. It was about the logging. According to the district court, it was also because it had reached the conclusion that defendants were not contemporaneously investigating allegations when they received them. And that is a clearly erroneous finding because there is no evidence in the record to support that conclusion. What we put in the record was in the first of all, and this also bleeds into whether we had opportunity to be heard, was evidence responding to the only notice motion before us, which was a motion for contempt. And how would your evidence have looked any different? Well, if the court had, let's say, for example, had issued an order to show cause, as this court has done in the past, saying that it was contemplating an order with these sort of provisions and wanted a briefing, we would have been addressing that. What we would have been doing. I know, but how would it have been any different in terms of the evidence? Well, if there was a situation where there was a question brought to court as to whether there was contemporaneous investigations, then we would have. Wasn't that relevant to the contempt order? No, it's in a contempt order. All we had to do was show one, that by the time of the hearing, if not earlier, we, our clients had not violated the 2007 injunction. And then second, under our reading of the 2007 injunction, what we had to do was track the instances where we investigated and found there had been a violation. So all we did under our reading of the injunction, and the court, you know, did admit that the injunction was ambiguous, was determine, you know, upon my office's receipt of the motion, which allegations were actual ADA or remedial plan violations and which ones were not. Basically, your defense to the contempt motion was that, according to your reading of the 2007 injunction, you weren't in violation, right? Yes. Now, and you put forth that defense. Didn't it become apparent during the course of the proceeding that one of two things, either Judge Wilkin, certainly the plaintiffs, but Judge Wilkin read the injunction differently, or if she didn't read it differently, that she was contemplating, well, I have to beef up this injunction. Didn't that become clear to you during the hearing? It always, wasn't that, didn't you get notice at the hearing what was going on? At the hearing, the court announced a new, the terms, some new injunctive terms. There was issuing a new injunction. And an hour or so later issued a minute order following up on that. Which was not an injunction. As you had the opportunity to weigh in on the terms of the injunction. What the minute order after the hearing said was that the parties could submit proposals for procedures for carrying out the order. It did not provide for submittal of new evidence. It did not provide for arguments as to what the terms of the injunction. And indeed, during the hearing, defendants not only objected to an expanded new injunction, but were attempting to explain to the court that the allegation that defendants did not contemporaneously investigate allegations was incorrect and was not directed. I'm having some trouble with the investigation issue. Because she did say that in passing. I don't know if it's true. It seemed to have some support in the record. But let's assume for your reasons. Let's oppose it, Justice. But nothing in the modified injunction goes to that. It goes to the logging process. Well, everything is logged. But the injunction goes beyond just write things on a log. And in the court's order, it says that it finds that it is concluded that defendants are not contemporaneously investigating allegations. In the order? I'm talking about in the injunction. What's in the injunction that relates to investigation and not to the whole logging problem? There's a finding of fact. I understand there's a finding of fact. But what we're reviewing here is an injunction or a modification of an injunction. And I want to know what in the modification of the injunction depends on that in any way. The portion of the court's order where it empowers the plaintiffs to basically get in the process and do discovery can test the investigation into decisions. But they're contesting the decisions? Or they're contesting whether it should have been logged? The decisions? Well, the decisions. If, obviously, if it wasn't logged, that could be something they could object to. But it's about contesting the decisions and the process that the defendants are going through in terms of the adequacy of their process. And the decisions they're reaching about whether a violation occurred and about whether employees should be subject to personnel action. And there's just no evidence in the record for the conclusion the court reached in its findings of fact supporting that, which is its conclusion that they were not contemporaneously investigated. And that was objected to at the hearing also when the court made it. We brought that up at the hearing. And the court basically said that it was not interested in that and we were to move on to another subject. And then later in the hearing it said it was reaching that observation because it couldn't find anything in the record showing contemporaneous investigations. But it wasn't necessary to submit that into the record in the notice-content proceeding, which was the only proceeding before the court. I think your time is up. We'll give you the extra five minutes for rebuttal. Thank you very much. Good afternoon. My name is Donald Spector from the Prison Law Office. I represent the plaintiffs in this manner. As this panel noted just a few months ago, the California State Prisoners with Disabilities have been engaged in a never-ending struggle to obtain accommodations that are necessary for basic life activities, such as wheelchairs, sign-laggage interpreters, and accessible beds and toilets. And the panel also noted that defendants have resisted complying with these carefully constructed orders of the district court at every turn. This appeal is no exception. The district court's order must be affirmed because the record clearly shows that the court did not abuse its discretion in modifying the 2007 injunction. The record here clearly shows that prisoners remain unable to obtain essential accommodations for their disabilities. What about Mr. Goldman's complaint about the lack of notice from the district court? This was done at the contempt hearing, right? Right. At the hearing, the court said, I'm going to deny the plaintiff's motion for contempt. But I find, in part because of their defense, that the injunction could have been more specific. And so the district court said to the defendants, I'm here to tell you what I'm thinking. Mr. Goldman said, can I have the opportunity to weigh in on that? And the district court's response was, sure. Well, more specific. It wasn't so clear that he was certainly given the opportunity to weigh in on the scope of the modifications. But he didn't exactly say he could weigh in on whether there was going to be a modification. Well, I think it pretty, I think there was an opportunity for- And the minute order didn't say, I'll decide whether to have a modification. I'm going to have a modification. You guys work it out as to why. Right. But that's true. But at that point, the defendants were free to voice their opposition to a modification and explain to the court all the reasons why they opposed the modification. They had two opportunities to do that. The first one was at the hearing. And as far as that hearing is concerned, at page 10 of their reply brief in this court, they say that they were, quote, invited to and did freely voice opposition to the proposed new injunction. The second time they had the opportunity to voice their opposition to everything is that the judge accepted a brief on the proposals that plaintiffs made for proposed modifications to the injunction. And they didn't, they had that, at that point, they had the opportunity to argue against modification and they had the opportunity to argue about the specific provisions of the proposed injunction. And instead of doing that, they submitted a one and a half page brief, which contained very little of substance except to say that they objected. So what they're doing now is kind of sandbagging the court and plaintiff's counsel by raising all these objections at the latest opportunity. So in our view, the defendants had more than sufficient notice of the facts and legal issues that were involved than an opportunity to respond to them. The court found that the injunction that it issued in 2007 was not effective because of the very way in which the defendants were complying with it. Among the evidence before the court were not only the defendants' policies and practices about how they interpret the ADA and the injunction, but there were also pages and pages and pages of blank logs from numerous different- Well, as I understood what your opponent was saying, Mr. Goldman, was he doesn't he certainly wasn't complaining about the parts of the injunction that have to do with the logging. So let's assume that's off the table for now. He would seem to be complaining about there is a section that is headed investigation, something like that. Right. And that seems to be what he's complaining about. Well, that provision requires the defendants to investigate allegations of violations of the remedial plan and various court orders. I don't think the record is clear that from these blank logs that I mentioned that the defendants had to investigate virtually all of the reported incidences that we allege they were violating the ADA and they should have been logged. Well, you're saying it's clear because they thought that the, they said they thought that the requirement was only to log things that were determined to be violations. True, right. So if you're saying, so the way that would, the way your state would be supported is if you said, well, we investigated and we found violations and they weren't logs, they must not have investigated. Is that the logic? That's somewhat the logic. If they, if you look at the record, all the declarations that they submitted, there's not one sentence which says that they investigated any of the allegations which were then indisputable. Well, but they did have a lot of grievance documents with responses to the grievances and so on. Right. But those, those are, those weren't investigations to determine whether the remedial plan was violated. They undertook the invest, the separate investigation after we filed the contempt motion. That was many, many, many months after the allegations had come to their attention. So there was no systemic method of investigating these allegations, which is why the logs were blank. See what the, what the court. But that was because of the way they interpret the injunction. Yes. Right. Which means that, well, they were only required to log actual violations. And if they didn't investigate, they couldn't be held in contempt because if they didn't investigate, there was nothing where they found to be true. So then therefore they didn't log anything. That's the problem. That's why you had blank logs. That's the problem. And that's why they, I'm sorry, Judge. Well, I mean, that's a problem obviously Judge Volkin was trying to address with her modification. But let me ask you to turn to this. You're about halfway through your time. This expert. Witness. Witnesses, adjudicative powers. I've never seen anything like that, to be honest with you. What's the authority for that? It's rule 706. The rule is fairly broad. And I agree with Justice Judge Berzon's interpretation of the intent of the district court. I don't think that district court who had been a magistrate for 10 years and had a very experienced district court judge believed that she was intending to provide an expert witness with the authority to issue orders against the state. We said in our brief, we say now that we agree with the defendants that any decisions made by the expert witness should be considered recommendations. And those are certainly appealable to the district court. That's not what the order says. It says it should be finalized to the plaintiffs and defendants. Right. But what. Well, who else is there? Well, it's the same thing as final. That what final means when you have a final judgment in the district court, it's still appealable to this court. So that's, I think that's what she meant. It could have been phrased. But in any event, you wouldn't have any objection to our saying, well, it's not so clear, so put that in. Exactly. You can either construe it that way in an opinion, or you can remand it to her to make it more specific. Either way, we don't disagree. I don't understand why there's a dispute about this issue. Well, it seems to me Judge Wilkins did this because she contemplated that there could be, you know, under the new procedure requiring all this logging and also your right to look at certain redacted documents that there could possibly be a lot of disputes about, right? You're being able to look at certain things, what should be produced and things like that. So I think it's in that context that she issued this order. Yes. In other words, she didn't want to spend the rest of her career doing nothing but monitoring compliance with the Armstrong plan, right? Exactly. But to get rid of it, you know, I mean, you don't think she meant final in the way we usually use the term, huh? It's final in the way we use it in terms of final judgment. It doesn't mean you can't appeal. No, but see, that's different than you were analogizing to the recommendation that a magistrate judge makes and, you know, a recommendation is different from, you know, saying a final resolution. Right. It could have been worded better. I agree. It should be worded better. And if they had called us up and said, would you agree to a modification of that provision to make it clear that the expert witnesses' decisions were not final, they could be appealed, they're just recommendations, I would have said, sure, we would have done that in a heartbeat. I don't know why we're taking up so much time of your time and our time trying to decide a matter which we agree. That's fine. OK. As to the defendant's argument that there wasn't any, well, that the district court's decision is clearly erroneous because there weren't any facts in the record to support that, we think that's clearly wrong. First of all, the district judge cites too many specific examples in her thorough and relatively long order. The defendants don't say that any of them are not based on facts in the record. And they're examples of non-investigation? Yes, right. And they're examples where the prisoner didn't get the accommodation and the defendants say, well, it was just a mistake, so it doesn't have to be law. Well, I understand all that, but I just, but the part that I am slightly concerned about anyway is that there seem to be some instances where there was no grievance. Right. And there was no investigation. Right. So for example, I'm sorry. But most of them seem to have grievances which were somewhere in the ballpark about what this was all about. Well, some of them had done grievances independently, but also a lot of them came from us via the prisoners. So we would go in and talk to the prisoners. They would say somebody confiscated my prosthetic leg and I never got it back. And we would put that in a report, send it to this prison and say, please investigate this so that it doesn't happen again and that the prison officials track the people who are doing this wrong so that they are trained and they are disciplined. They didn't do that until you actually filed the motion. That's exactly right, until we filed the content motion. So the irony of the defendant's resistance to this order is that Judge Wilkin was desperately trying for the reasons, Judge Sesema, that you just mentioned. She didn't want to do this for the rest of her life and she wanted the state to take back control of the prison system. But they have to demonstrate an ability to do that. So she ordered them to establish an accountability system so that they could identify problems with providing these accommodations to prisoners with disabilities, fix them without the assistance of the court, and without the intervention of plaintiff's counsel. And so... Did your proposal have the expert witness finality statement in it? I don't think it did, Your Honor. It had a lot of the other provisions about our being able to review the documents and talk to them. What about the state's? I think that's a separate objection from the sufficiency of the Evans argument. The objection that the new injunction, the 2012 injunction, doesn't comply with the PLRA because it's too broad and necessary under the restrictive wording of the PLRA. Well, their argument on that front is very vague and I think it's pretty much... It is vague because the standard is vague. Fair enough. In defense of the state. Yes, fair enough. But basically, I think their argument on the overbreadth of the injunction is another way of saying that there was insufficient evidence. So if you find that there's insufficient evidence, I think the rest of the injunction follows from the evidence that the court relied on. The other thing is I would refer you to the district court's order where she goes section by section and shows why it's required and why it is just a slight modification of the In response to the 2007 injunction, the defendants developed a procedure. The problem was the procedure, they didn't follow it and it turned out to be inadequate because of the way it was interpreted. So what the district court judge did was follow to its greatest extent as possible those procedures. Let me give you an example. For the disciplinary process, she didn't create a whole new disciplinary system or tell anybody to invent one or make adjudications based on her personal knowledge. What she said was if you find somebody has multiple instances of not providing the accommodations that are necessary, you should, if appropriate, refer it for discipline according to the CDCR's own disciplinary procedure. That's, to me, an example of being as narrow and as least intrusive as possible under the circumstances. And I think the other elements of the injunction are similar.  You're welcome. Well, first, I'd like to briefly address the discussion about scope. What we were pointing out in our briefing and both in the district court also, although there was in the contempt context, is what we're talking about here is supposed to be what's in the record. What was in the record in terms of the sheer number of allegations of noncompliance that plaintiffs put into evidence was 166 over a 10-month period involving over 10,000 inmates in the class. The average is out to about 1.6 allegations per thousand per month. There are a number of the prisons that this order affects were not even mentioned in plaintiffs' papers, 12 of them, in fact. And for most, many of the others, there was only one or two allegations over that period. So from a perspective... But it's obviously a sample, and it's a pretty high number for a sample. It's a high number only if the context made it a high number. I think that for any of these things where, you know, whether, for example, someone substantially complied with an injunction, there has to be some context. Somebody substantially complied with an injunction with regard to disability accommodations. If there are 166 people over a 10-month period, as a sample, who have not been accommodated? When we're talking 10,200 people overall, percentage-wise, it's less than 2%. If we're talking, you know, 166 allegations when there's 200 inmates in the class, that's a very high percentage. It always has to be looked at in context. Otherwise, we start slipping back into a perfection standard. But I see what's interesting here is that the whole point here is to try and come up with a system. So what you're looking at is the system and whether the system is operating. And we know it isn't because you said that you weren't doing what she claims, what she believes had to be done. No, Your Honor. With all due respect, that's not correct. What we said was we looked into the 166 allegations. I'm sorry. But your position was that you weren't logging. You were not, in fact, tracking allegations. Right? We were not obligated to track. So the fact that they found 106 instances in which you didn't track allegations is no mystery because you weren't doing it. But that's only if the district court itself had not found that its order was ambiguous. If all allegations, whether they're silly, whether they're serious, whether they're founded or unfounded, were supposed to be logged. But the district court found that the order was ambiguous in that regard. Okay. And she wanted you to log them systematically. So she ordered you to log it. Why does this 166 number even matter? Well, it matters when we're talking about the scope of the order and the PLRA. But the PLRA is also impacted when we go into some of the terms of the order, whether they need to be as intrusive as they are. Again, the areas where plaintiffs would be able to come into the process, look at confidential documents, interview accused people who have very state-run contract rights. I gather they've been doing that all along, though, right? They've been coming on site and talking to people and putting out reports in order to monitor compliance all along. What the plaintiffs do is they go to prisons and they walk through them and they talk to inmates. They will talk to some employees. But that is different than this context in which they will take an accusation, find the employee who's alleged to have violated the ADA and confront them. I thought they were only getting redacted information. I thought they were getting redacted information. They weren't confronting anybody. Well, there's a protective order that would protect their identities, but they would still have access to these people who have rights under state law and under the union contract in terms of whether they have to submit to interviews or depositions or what have you about accusations that will possibly lead to adverse personnel action against them. And second, I just want to address, again, the notion I heard that this court should be reaching conclusions based on what's not in the record. If we have 10,200 class members and all we have after only a year are 166 allegations that are not logged, that doesn't mean, as the district court erroneously concluded, things are not investigated. It just means this is the evidence that the plaintiffs put forth. I'm confident they're regressive, capable litigators. If there was more evidence, I assume that they would have put forth that evidence. This is all apparently they could muster. And then when it's looked at in context, it's a very low percentage of possible error. As for the question about whether the court relied on its assertion that matters were not contemporaneously investigated, I would refer to the order, actually the record 11, where it reaches that conclusion, and then at 15 and 16, where it then, based among other on that conclusion, concludes that the defendants are failing to comply with their accountability system and that it's not effective. Well, that's based on a conclusion about evidence that wasn't in the record, in which we, under our reading of the court's order and the fact that we're only looking at a notice of contempt motion at the time, did not know we had some obligation to provide to the court. Let me ask you about the same inquiry I made with Mr. Spector. Would you agree if that, if this order about the expert's powers in these disputes is interpreted as a recommendation, would that cure the problem? That would no longer be, in Article III, a violation by delegating Article III power to a witness. Short answer is yes. Short answer is yes? On that aspect. Just on that aspect. Well, what do you mean? You mean that aspect of the expert's problem or that on the expert's problem? Are there other issues with the expert besides the Article III problem that you have? If the expert may not make decisions, final decisions, it removes a very significant and large defect that's plain in the order. And, I mean, there are also aspects where the expert's empowered to also interview people who are accused of violations. And I think that would also then be intrusive and impact on employees' union rights and state law rights. Those issues are never raised. You never raise them in any form, no matter how general, no matter how, you just never raise them. In the contempt motion? Well, no. As to this, when you had an opportunity to say, to write something, you said nothing. We did say that this order was far more intrusive. I know. I didn't say that. I said those two issues, the others you raised at a very general level, but this you didn't raise at all, at any level. The impact on employees' contractual rights and state law rights, it's in our brief. It's in your brief, but it wasn't in any form before the district court. Because what was before the district court was a contempt motion based on a- But then you had an opportunity to comment on the injunction. You never said any of this. No. No, I disagree, Your Honor. We did not have an opportunity. We had an opportunity to submit a proposed procedure to carry out the injunction, which was largely outlined, as the plaintiffs have said in their brief at page 30, by the court at the hearing and in the minute order. As for Mr. Swanson making final decisions, that part was not revealed to us until we saw the order itself. We had no idea the court was contemplating that at all. And I don't know how we could have. Thank you, Your Honor. Thank you. The case just argued will be submitted. The court will stand in recess.
judges: Reinhardt, Tashima, Berzon